# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1357 SNLJ |
| | ) | |
| DEPARTMENT OF VETERANS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Robert Johnston for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action for violation of his 5th and 14th Amendment rights.[1] Plaintiff claims that the VA denied him benefits under the Fugitive Felon Act because its records showed that he had outstanding warrants. Plaintiff says that the warrants were not outstanding because the cases were closed by nolle prosequi. Plaintiff alleges that he demonstrated this fact to the VA but that his benefits were still denied.

## Discussion

The United States as a sovereign may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). Any governmental waiver of immunity

---

[1] Plaintiff says that he is bringing this action under 42 U.S.C. §§ 1983 and 1985. However, because defendant is a federal agency, the Court will construe plaintiff's claims as if they were brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971).

must be expressed unequivocally. United States v. Mitchell, 445 U.S. 535, 538 (1980). The district courts are without jurisdiction to review VA benefits determinations. 38 U.S.C. § 511(a). Section 511(a) provides:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by action in the nature of mandamus or otherwise.

Id. Section 511(a) does "not exclude claims which are based upon the Constitution." Hicks v. Veterans Affairs, 961 F.2d 1367, 1369 (8th Cir. 1992). "The statute includes *all claims, whatever their bases*, as long as the claim is 'necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" Id. (quoting § 511(a)) (emphasis added).

Here, plaintiff's action challenges a decision of the VA concerning his benefits. As a result, the complaint is legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  16th  day of August, 2010.

                                    STEPHEN N. LIMBAUGH, JR.
                                    UNITED STATES DISTRICT JUDGE